# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-CV-00015-FDW-DSC

| | |
|---|---|
| MARK RAY MARTIN PARROTT, ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| STEVEN CHICKILLO, and, ) NETWORKS, LLC, ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant's Memorandum in Opposition to Plaintiff's Amendments to Complaint, (Doc. No. 20), in which Defendant moves to strike the two new claims that Plaintiff asserted against Defendant and Defendant's counsel in Plaintiff's Answer to Defendant's Counterclaims, (Doc. No. 17), pursuant to Rules 15 and 12(f) of the Federal Rules of Civil Procedure, respectively. In Plaintiff's Answer to Defendant's Counterclaims, Plaintiff attempts to amend his Complaint to join Defendant's counsel and assert a new cause of action against them for fraud and conspiracy in restraint trade in violation of North Carolina General Statutes § 75-1, *et seq*. and/or the Sherman Act arising from a confidentiality and non-disclosure agreement entered into by the parties. Additionally, Plaintiff also asserts a new cause of action against Defendant for negligent misrepresentation.

Defendant's asserts that since the period in which Plaintiff was permitted to amend his complaint as a matter of course has passed and Plaintiff did not have Defendant's consent or seek leave of the Court to amend the Complaint, the amendment to add these new claims should not be permitted under Federal Rule of Civil Procedure 15. Alternatively, Defendant argues that Plaintiff's new causes of action should be struck as futile pursuant to Federal Rule of Civil

Procedure 12(f).

Plaintiff replied to Defendant's Memorandum asserting: (1) that Federal Rule of Civil Procedure 7(a)(3) permits him to allege additional claims in an answer to counterclaims and (2) that the new claims were not futile. (Doc. No. 21). Contrary to Plaintiff's argument, new claims asserted in an answer to a counterclaim are not a proper pleading under Rule 7(a)(3). Rather, in order to assert additional claims, a party must amend its complaint in compliance with Rule 15.

Since the period in which Plaintiff was permitted to amend the Complaint as a matter of course under Rule 15(a)(1) had passed, Plaintiff was required to comply with the requirements of Rule 15(a)(2) to amend his complaint by either obtaining permission from Defendant or leave of the Court. Fed. R. Civ. P. 15. As Plaintiff had neither obtained permission from Defendant nor moved for leave of the Court to amend the Complaint, the amendment to add new claims was improper.

IT IS THEREFORE ORDERED that the new claims alleged by Plaintiff in the Answer to Defendant's Counterclaims, (Doc. No. 17), are hereby STRICKEN as improper. As the Court has stricken these claims for failing to follow proper procedure, the Court need not address the futility of these new claims.

IT IS SO ORDERED.

Signed: May 15, 2014

Frank D. Whitney
Chief United States District Judge